UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thomas R. Meteraud, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| American Legion, Department of | ) | |
| South Carolina and John Dellinger, | ) | |
| in his official capacity as | ) | |
| Department Commander for the | ) | |
| State of South Carolina | ) | |
| American Legion, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

1. The plaintiff is a member of the American Legion and currently serves in the following capacities: member of Executive Committee of Post 179 as past commander, honorary life member of Post 179, First Vice Commander of the South Carolina Department of the American Legion, and scheduled to ascend to the Commandership of the State American Legion in June 2007.

2. The American Legion is a federally charted national organization created by an Act of Congress as set forth in Title 36 § 21701, et. seq., U.S.C.A.

3. John Dellinger is the current State Commander (also known as Department Commander) of the Department of South Carolina American Legion and is named only in his official capacity.

4. John Dellinger in his official capacity as Department Commander has caused to be issued a disciplinary procedure against the plaintiff in violation of the Department of South Carolina and National Constitution and Bylaws.

5. The Court has jurisdiction over this case under Title 28 § 1331 because the defendant, American Legion, is a federally chartered patriotic organization established by Title 36 § 21701 – 21708, U.S.C.A., and the issue presented involves the denial of due process guaranteed by the United States Constitution. (28 § 1349 divests the district court of jurisdiction in actions against corporations incorporated under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock. However, the present case before the Court raises a federal constitutional question, and therefore jurisdiction is proper under § 1331.)

6. The alleged disciplinary proceeding which the American Legion proposes to hold is in violation of constitutionally guaranteed due process and in violation of the requirements of the National and State Constitutions and by-laws in the following particulars:

   A. The charges are improperly lodged because charges can only be made in writing under oath by the accuser. Here, there are no sworn charges other than the State Commander's summary of charges by others.

   B. The allegation of charges against a state officer may only be made by another department officer, and here the charges based upon the unsworn written statement of a member who is not a department officer. ("Upon the filing of any officer of charges against any other officer of the Department, coming out of the failure on his part of performing the duties of his office, according to the Constitution and by-organization [sic. laws], neglect, incapacity, or inability to serve, or failure to carry out the orders of directions of the department executive committee or the Department Commander." Article XI, Section 2 Constitution and By-laws)

   C. The allegations are improper for failure to provide adequate minimal notice by failing to provide particulars of the charges and sufficient time to prepare. (Then the officer

        shall be served with a certified copy of the charges and shall be given twenty (20) days from the set date to file a request with the department adjutant of the charges before the department executive committee. Upon notification by the Department adjutant of a date fixed and time set, he shall be required to appear before the executive committee and answer the charges as may be preferred against him." Article XI, Section 2.

    D.    Despite written and oral demands for explanation of the procedure employed by the defendants, the defendants have refused and continue to refuse to disclose the manner in which the proceedings of February 17, 2007, will be conducted.

7.    That despite several efforts both orally and in writing to the State Commander demanding that he conform to the minimum requirements set forth in the state and national constitutions, the defendants have refused and continue to refuse to conform to the minimum due process requirements set forth in the State and National Constitutions and by-laws.

8.    That the defendants have further attempted to "suspend" the plaintiff from his department and post duties without providing a hearing or an opportunity to be heard in violation of the specific protections afforded by the National and State Constitutions and by-laws and by the Fifth Amendment to the United States Constitution as the plaintiff's membership in the legion and the positions of authority which he holds are property interests protected by due process. ("Members may be suspended or expelled from the Legion <u>only upon a proper showing of cause</u>. Charges shall be based upon disloyalty, neglect of duty, dishonesty and conduct unbecoming a member of the American Legion. All charges must be made under oath in writing by the accusers, and no member in good standing shall lose his membership until given a fair trial by

the Post or the Department in such manner and form as the Department by-laws and the Department Executive Committee shall proscribe." Article IV, Section 2 (emphasis added)

9. The plaintiff is informed and believes that he is entitled to an order of the Court temporarily enjoining the defendants from conducting a disciplinary proceeding against the plaintiff until the defendants conform to the minimal due process requirements guaranteed by the National and State Constitutions and by-laws and by the minimal due process required by the United States Constitution.

Wherefore, having fully set forth his verified complaint (verification in accompanying affidavit), the plaintiff prays for an injunction, both temporary and permanently, enjoining the defendants from instituting or conducting a disciplinary proceeding against him until such time as the defendants conform to minimal due process requirements as established by the State and National Constitutions of the federally charted American Legion, and as established by the United States Constitution, and for such other and further relief as the Court deems just and proper, including an award for attorney's fees as allowed by Title 42 § 1988 of the United States Code, ann.

February 13, 2007

/s/ Thomas R. Goldstein
Thomas R. Goldstein
Federal I.D. 2132
Belk, Cobb, Infinger & Goldstein, P.A.
P. O. Box 71121
N. Charleston, S. C.  29415-1121
(843) 554-4291
(843) 554-5566 (fax)
tgoldstein@cobblaw.net