IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thomas R. Meteraud, | ) | |
| | ) | C/A 2:07-447-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION and ORDER** |
| | ) | |
| American Legion, Department of South Carolina; and John Dellinger, in his official capacity as Department Commander for the State of South Carolina American Legion, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's second motion for temporary restraining order and on defendants' motion to dismiss. For the reasons that follow, this case is dismissed for lack of jurisdiction.

## I.  BACKGROUND

Plaintiff is the First Vice Commander of the South Carolina Department of the American Legion. He filed this suit alleging violations of due process, claiming that charges lodged against him by the American Legion – including how they were lodged, by whom they were lodged, and the subsequent procedure to act on those charges – violate the constitution and by-laws of that organization, and violate his right to due process under the Fourteenth Amendment.

This court issued a temporary restraining order on February 15, 2007, directing that defendants "suspend their disciplinary hearing against the plaintiff and to withhold conducting a disciplinary hearing against the plaintiff until such time as the parties

appear before the Court to decide whether an injunction is or is not appropriate." Defendants did not respond to the complaint, and the clerk of court issued an entry of default on March 12, 2007.

Thereafter, one of the counsel representing defendants (though he has yet to enter a notice of appearance) called plaintiff's counsel to attempt to resolve the matter. According to plaintiff's counsel, "substantial settlement negotiations" took place and the matter seemed to be resolved until an incident on June 2, 2007.

Plaintiff claims that on June 2 he attempted to attend a state meeting in his official capacity as State First Vice Commander, but was physically prevented from entering the hall by two Legion members (including a judge advocate general). They claimed that the Legion had "suspended" plaintiff until a disciplinary hearing could be held. Plaintiff then filed a motion for contempt of court on June 6, asserting that these actions were a bad faith attempt to skirt the TRO, and that under the by-laws he could not be suspended until he was "convicted" under Legion procedure.

Counsel for defendants filed a notice of appearance[1] on behalf of defendants a week later, and at the same time filed a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). In sum, defendants claim that there is no federal question jurisdiction by virtue of the Legion's status as a government-chartered organization, that there is no diversity jurisdiction because the Legion is a national resident but not a resident of any state for jurisdiction purposes, and that there can be no constitutional claim because there

---

[1] The counsel who filed the notice of appearance is different from the attorney who contacted plaintiff's counsel by phone in an attempt to resolve the matter.

is no state action.

Plaintiff's response claims that the motion to dismiss was intentionally delayed (or, as he puts it, the Legion "laid in wait") so as to interrupt the upcoming Legion elections, to be held June 22, and that there is a federal question in this case as a result of the due to the due process allegation. Plaintiff filed a motion for second TRO on June 15, seeking the court to prevent the Legion from barring him from the June 22 elections under threat of contempt.

## II.  STANDARD OF REVIEW

This court must first analyze whether it has jurisdiction over this action. "It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., `147 F.3d 347, 352 (4th Cir. 1998) (citations and internal quotations omitted). "A primary incident of that precept is our duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears." Id. (citations omitted). The litigants to an action have a corresponding duty to raise the issue. Id. The issue of jurisdiction can be raised at any time, including for the first time on appeal. See United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998).

## III.   DISCUSSION

Defendants claim that there is no jurisdiction for three reasons: (1) no federal question jurisdiction due to the Legion's status as a federally-chartered corporation; (2) no diversity jurisdiction because the Legion is a national citizen but is not a citizen of

any individual state; and (3) no federal question jurisdiction over the due process allegation because there has been no state action.  Each will be discussed in turn.

### A.  *Government-Chartered Organization*

Plaintiff acknowledges in his complaint that 28 U.S.C. § 1349 divests the federal district courts of jurisdiction in actions against government-chartered organizations unless the United States is the owner of more than one-half of its capital stock.  It tacitly recognizes, as defendants assert, that because the Legion issues no stock there can be no jurisdiction as a result of this status. This issue is thus foreclosed.

### B.  *National Citizenship*

Defendants next assert that there is no diversity jurisdiction here because the Legion is considered a "citizen of the United States," but is not a citizen for any state for jurisdictional purposes. See Harris v. American Legion, 162 F. Supp. 700, 705-06 (S.D. Ind.), aff'd, 261 F.2d 594, 594 (7th Cir. 1958) (per curiam).  Plaintiff does not directly challenge this assertion in his response to the motion to dismiss.  Thus, this allegation is undisputed and, based on the relevant law, it appears that there is no diversity jurisdiction in this case.

### C.  *Constitutional Question*

The primary basis for jurisdiction in this case is the due process claim.  According to plaintiff, the Legion's failure to follow the procedures set forth in its constitution and by-laws deprived him of the due process of law under the Fourteenth Amendment, giving this court jurisdiction under 28 U.S.C. § 1331 (federal question).  Plaintiff (via his counsel) laughs off defendants' assertion that, in order to invoke this court's jurisdiction,

there must be some sort of state action:

> Not only is this in incorrect statement of law, but also it is an incorrect characterization of the plaintiff's complaint. The United States Supreme Court has <u>never</u> limited due process challenges under § 1331 to only governmental actions. The casebooks are full of successful plaintiffs who have challenged <u>non-governmental</u> discrimination under § 1331.

In a footnote, plaintiff's counsel continues to criticize defendants' claims:

> Without sounding flippant, the plaintiff respectfully submits that while every history book ever written is a chronicle of some group discriminating against some other group, the purpose of law school is to teach students that neither government nor powerful combinations of people possess an inalienable right to mistreat others, and law school exists to train professionals on how to remedy mistreatment–in whatever form it appears. As Arthur Howe used to say in a slightly different context: "That's what they build courthouses for."[2]

Unfortunately for plaintiff, however, there is one crucial distinction in the legion (pun intended) of federal cases that have considered due process suits – in every case he cites there was an alleged deprivation of an interest in life, liberty, or property as the result of <u>state action</u>. <u>See</u> <u>Bd. of Regents v. Roth</u>, 408 U.S. 564 (1972) (professor at public state college suing for tenure rights allegedly deprived by state statute); <u>Fuentes v. Shevin</u>, 407 U.S. 67 (1972) (challenge to state prejudgment replevin statutes); <u>Mallette v. Arlington County Employees' Supp. Retirement Sys. II</u>, 91 F.3d 630 (4th Cir. 1996) (§ 1983 challenge against county ordinance); <u>Jones v. Bd. of Governors</u>, 704 F.2d 713 (4th Cir. 1983) (§ 1983 challenge of failing grade from public university); <u>Goss v. Lopez</u>, 419 U.S. 565 (1975) (§ 1983 class action challenging administrative regulation in public school system).

---

[2] Though this may be true, the court notes that they build courthouses for state courts as well as for federal courts.

It is axiomatic that the allegation of a federal constitutional violation does not in itself invoke the jurisdiction of the federal courts. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974) (noting that "the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established and easily stated"); Civil Rights Cases, 109 U.S. 3, 11 (1883) ("It is State action of a particular character that is prohibited. Individual invasion of rights is not the subject-matter of the [Fourteenth] Amendment."); Spark v. Catholic Univ. of Am., 510 F.2d 1277, 1281-82 (D.C. Cir. 1975) ("at least where the question of race is not involved, it is necessary to show that the Government exercises some form of control over the actions of the private party" in order to be "sufficiently entangled with governmental functions that federal jurisdiction attaches") (footnote and citation omitted). Rather, there must be some allegation that the government acted to deprive a citizen of these rights. Cf. U.S. Const. amend. XIV (giving Congress the authority to enforce the guarantees provided by the amendment "by appropriate legislation").

In this case, despite being given the opportunity to do so, plaintiff has provided no indication of any sort of governmental action. As noted, the fact that the American Legion is a government-chartered corporation does not make it subject to civil rights suits. See 28 U.S.C. § 1349. There is no allegation that any state actor was involved in this alleged violation, or that the Legion may be considered a de facto state actor for these purposes. As such, this court has no jurisdiction over this matter. Plaintiff must seek his redress, if at all, in state court.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the motion to dismiss for lack of jurisdiction is GRANTED, that this action is DISMISSED, and that all other pending motions are DENIED AS MOOT.[3]

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 18, 2007**
**Charleston, South Carolina**

---

[3] By deciding this issue now, the court hereby cancels the hearing set for Wednesday, June 20 in order to afford plaintiff the maximum amount of time to seek redress in state court.

7